IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN HASKINS<br>1339 Fort Stevens Drive, Apartment 205<br>Washington, DC 20011<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>    PLAINTIFF,<br><br>    v.<br><br>U.S. ONE TRANSPORTATION, LLC<br>4601 President's Drive, Suite 220<br>Lanham, Maryland 20706<br><br>    SERVE RESIDENT AGENT:<br>    Modupe Ayodeji Atanda-Owo<br>    16109 Eastlawn Court<br>    Bowie, Maryland 20716<br><br>    and<br><br>U.S. ONE, LLC<br>10104 Senate Drive, Suite 227<br>Lanham Seabrook, Maryland 20706<br><br>    SERVE RESIDENT AGENT:<br>    Modupe Ayodeji Atanda-Owo<br>    16109 Eastlawn Court<br>    Bowie, Maryland 20716<br><br>    and<br><br>MODUPE AYODEJI ATANDA-OWO<br>16109 Eastlawn Court<br>Bowie, Maryland 20716<br><br>    DEFENDANT. | Case No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Marvin Haskins ("Plaintiff"), by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby complains against Defendant U.S. One Transportation, LLC, U.S. One, LLC, and Modupe Ayodeji Atanda-Owo ("Atanda-Owo") (collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. U.S. One Transportation, LLC is a Limited Liability Company formed under the laws of Maryland with its principal place of business in Lanham, Maryland. U.S. One Transportation, LLC is in the business of operating a transportation service, in Maryland and the District of Columbia. U.S. One Transportation, LLC directs its employees to operate vans to transport children to and from school and adult individuals with disabilities to various appointments.

3. U.S. One, LLC is a Limited Liability Company formed under the laws of Maryland with its principal place of business in Bowie, Maryland. U.S. One, LLC is in the business of operating a transportation service, in Maryland and the District of Columbia. U.S. One, LLC directs its employees to operate vans to transport children to and from school and adult individuals with disabilities to various appointments.

4. At all times, Atanda-Owo was the owner and president of U.S. One Transportation, LLC and U.S. One, LLC. At all times Atanda Owo was Plaintiff's

supervisor and determined Plaintiff's rate and method of pay. At all times relevant, all Defendants, including Atanda Owo, were Plaintiff's "employers" for purposes of the FLSA, DCLWA, and DCWPA.

5. During Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendants qualified as "enterprises" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff, and all other similarly situated individuals, were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7. Plaintiff is currently employed by Defendants and has been employed by Defendants since approximately June 2008. At all times, Plaintiff has worked exclusively for Defendants as a full time employee. At all times, Plaintiff's primary job duty has been to pick up and drop off Defendants' clients in Defendants' vans. Plaintiff performed a substantial amount of his job duties in Maryland and the District of Columbia.

8. Throughout his employment, Defendants have paid Plaintiff pursuant to a

pay plan whereby Defendants pay Plaintiff at the rate of $10.00 per trip for the first ten (10) trips. Thereafter, Defendants pays Plaintiff at the rate of $5.00 per trip for each subsequent trip. If Plaintiff makes a trip but Defendants' client does not show up for the ride, Defendants refuse to pay Plaintiff any wages.

9. At all times, Plaintiff's trip schedule has been created solely by Defendants.

10. Plaintiff has worked overtime hours in excess of forty (40) for the great majority of the weeks Plaintiff has been employed by Defendants. At no time have Defendants paid Plaintiff at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked for each week Plaintiff worked in excess of forty (40) hours. At no time did Plaintiff perform work that would make him exempt from the FLSA overtime pay requirement.

11. At all times, Plaintiff was an employee of Defendants and was never an independent contractor.

12. Many times, Defendants took deductions from Plaintiffs wages. Deductions made by Defendants from Plaintiff's wages included, but were not limited to, usage of the radio, parking and traffic related tickets, and damage to Defendants' van. At no time did Plaintiff give Defendants permission to make deductions from Plaintiff's wages.

### PUTATIVE PLAINTIFFS

13. Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they: (1) were, or are currently, employees of Defendants; (2) were not, or are not currently, paid as prescribed by law by Defendants;

and (3) had their wages unlawfully withheld or deducted by Defendants. Plaintiff has knowledge that these individuals have not joined this suit because they fear that if they join this action, Defendants will retaliate against them.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

14. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-13 above, as if each were set forth herein.

15. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

16. Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all Defendants herein were Plaintiff's, and all others similarly situated, "employers" under § 207(a)(2). Defendants, as Plaintiff's employers, were obligated to compensate Plaintiffs for overtime hours worked at the FLSA overtime rate.

17. Plaintiff, and all others similarly situated, worked overtime hours in excess of forty (40) on a regular basis. Defendants, however, failed and refused to pay Plaintiffs, and others similarly situated, as required by the FLSA for overtime hours worked. Plaintiff, and all other similarly situated, are entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) in each work week.

18. Defendants' failure and refusal to pay Plaintiff and others similarly situated overtime compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Wage Payment and Wage Collection Act

19. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-18 above, as if each were set forth herein.

20. Plaintiff, and others similarly situated, were "employees," and Defendants were "employers" of Plaintiff and others similarly situated within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*. Under the DCWPA, Defendants, as employers of Plaintiff and others similarly situated, were obligated to pay Plaintiff and other similarly situated all wages owed and earned and due for work performed.

21. Habitually, over the court of the employment of Plaintiff and others similarly situated, Defendants made deductions from the pay of Plaintiff and others similarly situated. Deductions made by Defendants included, but were not limited to, deductions for radio usage, parking and traffic related tickets, and damage to Defendants' vans. These deductions made by Defendants reduced the amount of wages paid to Plaintiff and others similarly situated and were never authorized by Plaintiff or others similarly situated.

22. Defendants' taking of deductions from the pay of Plaintiff and others similarly situated, and failure and refusal to reimburse Plaintiff and others similarly situated, resulted in a failure by Defendants to pay Plaintiff and others similarly situated all wages due and promised for worked performed as required by the DCWPA.

23. Defendants' failure to pay all wages owed for work performed to Plaintiff and others similarly situated was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and others similarly situated and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Unjust Enrichment

24. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-23 as if each were set forth herein.

25. Habitually, over the court of the employment of Plaintiff and others similarly situated, Defendants made deductions from the pay of Plaintiff and others similarly situated. Deductions made by Defendants included, but were not limited to, deductions for radio usage, parking and traffic related tickets, and damage to Defendants' vans. These deductions made by Defendants reduced the amount of wages paid to Plaintiff and others similarly situated and were never authorized by Plaintiff or others similarly situated.

26. Defendants' taking of deductions from the pay of Plaintiff and others similarly situated, and failure and refusal to reimburse Plaintiff and others similarly situated, resulted in a failure by Defendants to pay Plaintiff and others similarly situated all wages due and promised for worked performed.

27. Defendants have been unjustly enriched and Plaintiff and others similarly situated have been damaged by Defendants' unauthorized deductions from the pay of Plaintiff and others similarly situated.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and others similarly situated under Count III for damages in such amounts as are proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Philip B. Zipin, No. 367362
Gregg C. Greenberg, No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com
         ggreenberg@zipinlaw.com

*Counsel for Plaintiff*