UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARVIN HASKINS,                         :
                                        :
      Plaintiff,                        :    Civil Action No.:    10-0706 (RMU)
                                        :
      v.                                :    Re Document Nos.:   9, 11, 13, 16, 17, 18
                                        :
U.S. ONE TRANSPORTATION, LLC            :
*et al.*,                               :
                                        :
      Defendants.                       :

# MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT;
DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DENYING WITHOUT
PREJUDICE THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING AS CONCEDED
THE PLAINTIFF'S FIRST AND SECOND MOTIONS FOR LEAVE TO AMEND THE COMPLAINT;
DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO FACILITATE THE
IDENTIFICATION OF SIMILARLY SITUATED INDIVIDUALS

## I. INTRODUCTION

The plaintiff, Marvin Haskins, has filed a complaint alleging that the defendants, his employers, have deprived him of wages to which he is lawfully entitled, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the D.C. Wage Payment and Wage Collection Act, D.C. CODE §§ 32-1301 *et seq.* ("DCWPA"). Because the defendants did not file a timely response to the complaint, the Clerk of the Court entered default against them. The matter is now before the court on the plaintiff's motion for default judgment and the defendants' motion to vacate the entry of default. For the reason discussed below, the court grants the defendants' motion to vacate the entry of default and denies the plaintiff's motion for default judgment.

The parties have also filed a number of additional motions that are now ripe for adjudication, including the plaintiff's motions for leave to amend the complaint and the

defendants' motion for summary judgment. For the reasons discussed below, the court denies without prejudice the defendants' motion for summary judgment, grants the plaintiff's first and second motions for leave to amend the complaint and denies without prejudice the plaintiff's motion to facilitate the identification of similarly situated employees.

## II. FACTUAL & PROCEDURAL BACKGROUND

As stated in the complaint, defendants U.S. One Transportation, LLC and U.S. One, LLC (collectively, "the LLCs") are businesses that provide transportation services to adults with disabilities and to school children in Maryland and the District of Columbia. Compl. ¶¶ 2-4. Defendant Modupe Ayodeji Atanda-Owo is alleged to be the owner and president of both entities. *Id.* ¶ 5.

Since June 2008, the plaintiff has worked as a full-time driver for the defendants, picking up and dropping off the defendants' clients using the defendants' vehicles. *Id.* ¶ 7. The plaintiff contends that the defendants have violated the FLSA and DCWPA by failing to pay him overtime wages to which he is entitled and by wrongfully deducting amounts from his wages. *Id.* ¶¶ 8-12.

The plaintiff commenced this action on May 3, 2010 on behalf of himself and all individuals similarly situated. *See generally id.* The defendants were served with the complaint on May 10, 2010, Aff. of Service (June 14, 2010), but did not respond. As a result, on June 16, 2010, the Clerk of the Court entered default against the LLCs. Entry of Default (June 16, 2010). The Clerk of the Court subsequently entered default against Atanda-Owo on June 22, 2010, after the plaintiff filed the requisite Soldiers and Sailors affidavit. Aff. in Compliance with Soldiers and Sailors Civil Relief Act of 1940 (June 18, 2010); Entry of Default (June 22, 2010).

On July 12, 2010, the plaintiff filed a motion for default judgment against the defendants. *See generally* Pl.'s Mot. for Default J. The defendants then filed a motion to vacate the entry of default against them and an opposition to the plaintiff's motion for default judgment. *See generally* Defs.' Mot. to Vacate Entry of Default & Opp'n to Pl.'s Mot. for Default J. ("Defs.' Mot. to Vacate Entry of Default"). At the same time, the defendants filed a motion for summary judgment. *See generally* Defs.' Mot. for Summ. J. The plaintiff has filed oppositions to both motions. *See generally* Pl.'s Opp'n to Defs.' Mot. to Vacate Entry of Default; Pl.'s Opp'n to Defs.' Mot. for Summ. J.

On August 24, 2010, the plaintiff filed a motion for leave to amend the complaint. *See generally* Pl.'s 1st Mot. to Amend Compl. Three weeks later, the plaintiff filed a motion to facilitate the identification and notification of other similarly situated employees. *See generally* Pl.'s Mot. to Facilitate Identification & Notification of Other Similarly Situated Employees. Finally, on September 27, 2010, the plaintiff filed a second motion for leave to amend the complaint. *See generally* Pl.'s 2d Mot. to Amend Compl. The defendants have not filed oppositions to any of these motions.

The motions described above are ripe for adjudication. The court therefore turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

**A. The Court Grants the Defendants' Motion to Vacate the Entry of Default**

**1. Legal Standard for Setting Aside Entry of Default**

"Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge." *Jackson v. Beech*, 636 F.2d 831, 835

(D.C. Cir. 1980). Under Federal Rule of Civil Procedure 55(c), however, a court has the discretion to set aside entry of default for "good cause shown." FED. R. CIV. P. 55(c). To demonstrate good cause, "the moving party [must] provide an explanation for the default or [] give reasons why vacation of the default entry would serve the interests of justice." 10A FED. PRAC. & PROC. CIV. 3d § 2696.

In exercising its discretion to set aside entry of default, the court must consider three factors: "[1] whether the default is willful, [2] whether the defendant has presented a meritorious defense, and [3] whether the plaintiff would suffer substantial prejudice by a decision to set aside the default." *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995); *see also Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373, 374 n.5 (D.C. Cir. 1980) (stating that the court must exercise its discretion in light of the three factors). The court must resolve all doubts in favor of the party seeking relief. *Jackson*, 636 F.2d at 836. Finally, the court should keep in mind that in this Circuit, "strong policies favor[] the resolution of genuine disputes on their merits." *Id.* at 835.

### 2. The Relevant Factors Warrant Setting Aside the Entry of Default

The defendants contend that good cause exists for vacating the Clerk of the Court's entry of default against them. *See generally* Defs.' Mot. to Vacate Entry of Default. First, the defendants argue that the court should vacate the entry of default against the LLCs because they were "dissolved or forfeited" at the time the summon was issued. *Id.* at 1-2. Next, the defendants assert that the court should vacate the entry of default against Atanda-Owo because her failure to file a response was excusable. *Id.* at 3-4. More specifically, the defendants contend that Atanda-Owo's involvement with the matter in dispute is limited to serving as the registered agent for the LLCs and that she is not the plaintiff's employer for purposes of the

FLSA or DCWPA. *Id.* at 3. Accordingly, the defendants assert, Atanda-Owo did not understand that she was being sued in her personal capacity. *Id.* In addition, the defendants contend that Atanda-Owo lacked the resources until now to pay for an attorney. *Id.* at 4.

In his opposition to the defendants' motion, the plaintiff "concedes that Defendants set forth a valid legal defense to justify that the Court [v]acate the Entry of Default against U.S. One, LLC and U.S. One Transportation, LLC." Pl.'s Opp'n to Defs.' Mot. to Vacate Entry of Default at 1 n.1. The plaintiff maintains, however, that defendant Atanda-Owo has not demonstrated good cause for setting aside the entry of default against her and that her failure to respond has caused him prejudice. *Id.* at 3-5.

Because the plaintiff concedes that the court should vacate the entry of default against the LLCs, *see id.* at 1 n.1., the court grants the defendants' motion and vacates the entry of default as to those defendants. As a result, the court denies the plaintiff's motion for default judgment against the LLCs.

Turning to Atanda-Owo, the court first considers whether that defendant's failure to respond was willful. "The boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Industry Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir. 1998)). The court is persuaded that defendant Atanda-Owo falls somewhat closer to the latter pole than the former. Although the plaintiff contends that she did not realize she was being sued in her personal capacity, the complaint clearly lists Atanda-Owo as a defendant, *see* Compl. at 1, and expressly alleges that she was "the owner and president" of the LLCs, functioned "as the plaintiff's supervisor" and

"determined [the] [p]laintiff's rate and method of pay," *id.* ¶ 4. Nor is there any dispute that Atanda-Owo was properly served with the complaint. *See generally* Defs.' Mot. to Vacate Entry of Default. Indeed, the defendants indicate that Atanda-Owo did not respond because she determined that she had no involvement in the suit, suggesting that her failure to respond was deliberate. *See Gilmore v. Palestinian Interim Self-Government Auth.*, 675 F. Supp. 2d 104, 109 (D.D.C. 2009) (concluding that the defendants' default was willful as the defendants expressly acknowledged that they "had chosen not to file and answer"). Although Atanda-Owo was not represented by counsel at the time she was served with the complaint and may not have understood fully the consequences of failing to respond to the complaint, the evidence suggests that the Atanda-Owo's failure to respond was, at least to some degree, willful.

On the other hand, the second factor that the court must consider in this analysis – the existence of a meritorious defense – weighs in Atanda-Owo's favor. This Circuit has stated that when moving to vacate an entry of default, "the movant is not required *to prove* a defense, but only *to assert* a defense that it may prove at trial." *Whelan,* 48 F.3d at 1259 (emphasis added). Indeed, a defense is meritorious if it "contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374; *see also Biton v. Palestinian Interim Self-Government Auth.*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (observing that "[l]ikelihood of success is not the measure for determining whether a defense is meritorious" (internal quotation marks omitted)).

In this case, the defendants maintain that Atanda-Owo bears no personal liability in this action because she was not the plaintiff's employer. *See* Defs.' Mot. to Vacate Entry of Default, Aff. of Modupe Ayodeji Atanda-Owo ¶¶ 3-4. More specifically, Atanda-Owo maintains that she "was never, at any time whatsoever, the owner or president or manager or officer of either U.S.

One Transportation, LLC or U.S. One, LLC," *id.* ¶ 3, and that she "ha[s] never managed the affairs or business of the two entities" and has "no knowledge of the facts that have been alleged by the plaintiff in his complaint," *id.* ¶ 13. Although the plaintiff may ultimately prove that Atanda-Owo was the plaintiff's "employer" for purposes of the FLSA and the DCWPA, *see* Pl.'s Opp'n to Defs.' Mot. to Vacate Entry of Default at 4-5 & Exs. 1-5, Atanda-Owo has asserted a defense which, if proven, would free her from liability, which is all that this Circuit requires, *see Keegel*, 672 F.2d at 374. Accordingly, the presence of a meritorious defense weighs in favor of vacating the entry of default against Atanda-Owo.

The third factor that the court must consider – whether the plaintiff would be substantially prejudiced by vacating the entry of default against Atanda-Owo – also favors Atanda-Owo. Although vacating the entry of default will delay the resolution of the claims against Atanda-Owo, "delay in and of itself does not constitute prejudice[.]" *KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 15 (1st Cir. 2003). "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *Id.*; *see also Keegel*, 627 F.2d at 374 (stating that the fact that "setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at trial, is insufficient to require affirmance" of the entry of default).

In this case, the plaintiff has identified no prejudice, other than delay, that he will suffer if the court sets aside the entry of default against Atanda-Owo. *See* Pl.'s Opp'n to Defs.' Mot. to Vacate Entry of Default at 4. This litigation is still in a preliminary stage and the motion to vacate the entry of default comes well before the plaintiff has litigated any of his claims against the remaining defendants. *See Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2009) (concluding that the plaintiffs would not be prejudiced by vacating the entry of default

7

because the action was "still in a preliminary stage"); *cf. Whelan*, 48 F.3d at 1259 (holding that the plaintiff would be prejudiced by vacating the default against one defendant following the completion of trial against two co-defendants, as the plaintiff would then be forced to try the case again). Accordingly, the court concludes that the plaintiff will suffer no substantial prejudice through the setting aside of the entry of default against Atanda-Owo.

In sum, although there is some evidence to suggest that Atanda-Owo's failure to respond to the complaint was willful, this fact is counterbalanced by the fact that Atanda-Owo has asserted a meritorious defense and that the plaintiff will not be prejudiced by vacating the entry of default against her. In light of the Circuit's strong policy favoring the resolution of disputes on their merits, *Jackson*, 636 F.2d at 835, as well as the Circuit's admonition that the district court must resolve all doubts in favor of the party seeking relief under Rule 55(c), *id.* at 836, the court concludes that there is good cause for setting aside the entry of default against Atanda-Owo. Accordingly, the court grants the defendants' motion to vacate the entry of default against the defendants and concomitantly denies the plaintiff's motion for default judgment.

**B. The Court Denies Without Prejudice the Defendants' Motion for Summary Judgment**

At the same time the defendants filed their motion to vacate the entry of default, they also filed a motion for summary judgment. *See generally* Defs.' Mot. for Summ. J. This motion, however, does not comply with various provisions of Local Civil Rule 7, including Rule 7(h), which provides that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h)(1). The court therefore denies the defendants' motion for summary judgment without prejudice. *See*

10A FED. PRAC. & PROC. CIV. 3d § 2718 (observing that "it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later date").

### C. The Court Grants the Plaintiff's First and Second Motions for Leave to Amend the Complaint

As previously noted, the plaintiff filed a motion for leave to amend the complaint on August 24, 2010 and a second motion for leave to amend the complaint on September 27, 2010. *See generally* Pl.'s 1st Mot. to Amend Compl.; Pl.'s 2d Mot. to Amend Compl. In his first motion, the plaintiff seeks leave to amend the complaint so as to include the following entities and individuals as defendants in this action: U.S. One Transportation, Olatunde Atanda-Owo and Ganiyu Atanda-Owo. *See generally* Pl.'s 1st Mot. to Amend Compl. In his second motion, the plaintiff seeks leave to add MV Contract Transportation, Inc. as a defendant and to assert a number of additional claims against the defendants, including one for unlawful retaliation under the FLSA. *See generally* Pl.'s 2d Mot. to Amend Compl.

The defendants have not filed oppositions to either of these motions. Accordingly, the court grants both motions as conceded. *See* LCvR 7(b) (providing that if the opposing party does not file a timely opposition to a motion, the court may treat the motion as conceded).

### D. The Court Denies Without Prejudice the Plaintiff's Motion to Facilitate the Identification and Notification of Other Similarly Situated Employees

The FLSA allows for actions to challenge the denial of overtime payments to be "maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although neither the FLSA nor its implementing regulations defines "similarly situated," courts have relied on a two-tier approach to certify a collective challenge under the FLSA. At the first stage, also termed the "notice

stage," the court makes a preliminary determination whether to authorize notifications to potential class members so that they may opt in to the litigation. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

The plaintiff, who has asserted claims under the FLSA, has filed a motion to facilitate the identification and notification of other similarly situated employees of the defendants. *See generally* Pl.'s Mot. to Facilitate Identification & Notification of Other Similarly Situated Employees. As noted in the foregoing section, however, the plaintiff has now been granted leave to supplement the allegations in the original complaint with numerous additional defendants and claims. *See supra* Part III.C. Because these modifications may impact who is "similarly situated" to the plaintiff, the court denies without prejudice the plaintiff's motion to facilitate the identification and notification of other similarly situated employees.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to vacate the entry of default, denies the plaintiff's motion for default judgment, denies without prejudice the defendants' motion for summary judgment, grants the plaintiff's first and second motions for leave to amend the complaint and denies without prejudice the plaintiff's motion to facilitate the identification and notification of similarly situated employees. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of December, 2010.

                                              RICARDO M. URBINA
                                          United States District Judge